IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

ANA OLMO GONZALEZ,

    Plaintiff,

v.

GLOBAL CROSSING AIRLINES, INC.,
a foreign corporation,

    Defendant.

_____/

CASE NO.

## COMPLAINT

    The Plaintiff, ANA OLMO GONZALEZ, brings this civil action against GLOBAL CROSSING AIRLINES, INC., a foreign corporation (hereinafter, "Global Crossing"), and alleges as follows:

### INTRODUCTION

    1.    This is an action for damages, pursuant to the Convention for the Unification of Certain Rules for International Carriage by Air (Montreal, 28 May 1999) (hereinafter, the "Montreal Convention") and all relevant laws applicable or related thereto based on the bodily injury of the Plaintiff, a citizen and resident of the United States, caused by an accident that occurred during the disembarkation of GlobalX Charter Flight 750 (hereinafter, the "subject flight"), an international carriage operated by Global Crossing, which had traveled from Miami, Florida, United States, to Holguin, Cuba.

    2.    Alternatively, this is a negligence action for damages against Global Crossing for breaching the duty of care owed to its passengers.

### THE PARTIES

Podhurst Orseck, P.A.

2525 Ponce de Leon, Suite 500, Coral Gables, FL 33134  Coral Gables 305.358.2800  Fax  305.358.2382 • Ft. Lauderdale 954.463.4346      www.podhurst.com

3. At all relevant times, the Plaintiff was a citizen and resident of the United States.

4. Global Crossing was and is a corporation organized under the laws of the State of Delaware with its principal place of business at 4200 NW 36 Street, BLDG 5A, 4th Floor, Miami, FL 33166.

5. At all relevant times, Global Crossing has been authorized to do business in the State of Florida or was transacting or conducting business in the State of Florida. Global Crossing's Registered Agent is Cogency Global Inc., 115 North Calhoun Str4eet, Suite 4, Tallahassee, FL 32301.

## JURISDICTIONAL ALLEGATIONS

6. This is an action of damages in excess of $50,000, exclusive of interest, costs, and attorneys' fees, and therefore falls within the jurisdictional constraints of this Court. *See* Art. V, § 6(b), Fla. Const., Fla. Stat. § 34.01.

7. Subject matter jurisdiction is proper in the courts located in this country because this is a civil action arising under the Montreal Convention and its related laws and regulations.

8. The Montreal Convention grants this Court subject matter jurisdiction over this case because the subject flight was "international carriage" between two "State Parties" under Article 1 of the Montreal Convention, and because:

   a. Prior to the subject flight, the United States and Cuba had signed, adopted, and ratified the Montreal Convention.

   b. At the time of the subject flight, the Plaintiff maintained her "principal and permanent resident," Montreal Convention, Article 33(2), in the United States.

   c. At the time of the subject flight, Global Crossing operated, and still operates, "services for the carriage of passengers by air, either on its own

Podhurst Orseck, P.A.

2525 Ponce de Leon, Suite 500, Coral Gables, FL 33134  Coral Gables 305.358.2800  Fax  305.358.2382 • Ft. Lauderdale 954.463.4346                www.podhurst.com

    aircraft or on another carrier's aircraft pursuant to a commercial agreement," Montreal Convention, Article 33(2), to locations within the United States, including and within Miami-Dade County.

  d. At the time of the subject flight, Global Crossing conducted, and still conducts, "its business of carriage of passengers by air from premises" in the United States that were "leased or owned by [Global Crossing] itself or by another carrier with which [Global Crossing] ha[d] a commercial agreement," Montreal Convention, Article 33(2).

  e. At the time of the subject flight, Global Crossing had "a place of business," within the meaning of Article 33 of the Montreal Convention, in the United States, including within Miami-Dade County.

  f. The Plaintiff purchased the ticket for the subject flight—that is, the contract of carriage—in the United States.

  g. The destination of the subject flight, a roundtrip, was the United States.

9. This Court has jurisdiction over Global Crossing pursuant to Florida Statute § 48.193.

10. Personal jurisdiction is proper in this Court under the Due Process Clause of the U.S. Constitution because Global Crossing has sufficient minimum contacts with Florida; because Global Crossing has purposefully availed itself of the privilege of doing business in Florida; or because the exercise of jurisdiction over Global Crossing would be fair and reasonable.

11. This action is properly brought pursuant to Florida Statute § 47.051 in Miami-Dade County because Global Crossing, a foreign corporation, does business in the State of Florida and has an agent or other representative in Miami-Dade County.

3

**GENERAL ALLEGATIONS**

12. On September 10, 2023, Global Crossing was a commercial air carrier engaged in the business of transporting fare-paying passengers on regularly scheduled domestic and international flights in an aircraft owned, leased, operated, managed, maintained, and controlled by Global Crossing and its agents and employees.

13. On September 10, 2023, Global Crossing owned, operated, maintained, and otherwise controlled the subject flight by and through its agents or employees who were acting within the course and scope of their employment, and was responsible for the subject flight and the actions of its flight crew.

14. On September 9, 2023, the Plaintiff booked a roundtrip flight with Global Crossing from Miami, Florida, to Holguin, Cuba, that was set to depart on September 10, 2023, and return on September 14, 2023.

15. The flight, which operated as flight 750, was scheduled to depart from Miami, Florida, at 10:15 AM on September 10, 2023 and arrive at 11:30 AM at Holguin, Cuba.

16. As part of the roundtrip booking, the Plaintiff was scheduled to return to the United States on September 14, 2023.

17. Upon landing, the Plaintiff was among the first passengers to attempt to safely exit the aircraft.

18. Unfortunately, the Plaintiff's left foot slipped through a gap between the aircraft and the airstairs causing her to fall. Plaintiff immediately felt a sharp pain and was unable to move her foot or get up per the flight crew's instructions.

19. Emergency personnel responded and Plaintiff was taken to a hospital in Cuba where she was examined and advised that she required surgery.

Podhurst Orseck, P.A.
2525 Ponce de Leon, Suite 500, Coral Gables, FL 33134  Coral Gables 305.358.2800  Fax  305.358.2382 • Ft. Lauderdale 954.463.4346                www.podhurst.com

20. The Plaintiff was stabilized, and her left foot was placed in a cast allowing her to travel back to the United States for surgery.

21. The Plaintiff landed in Miami, Florida on September 11, 2023 and went directly to the hospital where she underwent surgery to correct a bi-malleolar left ankle fracture.

22. As a direct and proximate result of Global Crossing's failure to safely secure the airstairs to its aircraft, the Plaintiff fell causing her serious bodily injury.

23. The fall caused significant bodily injury to the Plaintiff.

24. Upon information and belief, Global Crossing was the owner, lessee, operator, or entity in control of the airstairs which were not properly attached to the aircraft.

25. As a direct and proximate result of Global Crossing's negligence and other misconduct, the Plaintiff suffered damages, for which Global Crossing is liable.

## COUNT I
## CLAIM FOR DAMAGES UNDER THE MONTREAL CONVENTION

26. The Plaintiff incorporates by reference the allegations in paragraphs 1-25 as if fully set forth herein.

27. On September 10, 2023, Global Crossing was the carrier of the Plaintiff on board Global X Flight 750, an international carriage.

28. At the time of the subject flight on September 10, 2023, there was in force and effect in the United States and Cuba a certain multilateral treaty relating to the rules governing international carriage by air known as the Montreal Convention.

29. At the time of injury, the Plaintiff was engaged in international carriage as defined in Article 1(2) of the Montreal Convention and the same is, therefore, applicable to this action pursuant to Article 1(1) of the Montreal Convention.

5

Podhurst Orseck, P.A.

2525 Ponce de Leon, Suite 500, Coral Gables, FL 33134  Coral Gables 305.358.2800  Fax  305.358.2382 • Ft. Lauderdale 954.463.4346                    www.podhurst.com

30. Pursuant to Article 17 of the Montreal Convention, Global Crossing, as the carrier, is liable for damage sustained in case of death or bodily injury of a passenger upon condition only that the accident which caused the death or injury took place on board the aircraft or in the course of any of the operations of embarking or disembarking.

31. Plaintiff suffered an accident under Article 17 of the Montreal Convention when Global Crossing failed to provide her with a safe manner in which to deplane by properly attaching the airstairs to the aircraft, which constituted an unexpected or unusual event or happening that was external to the Plaintiff and that caused her injury.

32. Global Crossing's liability under the Montreal Convention is absolute up to 128,821 Special Drawing Rights (SDR) pursuant to Article 21(1).

33. Pursuant to Article 21(2) of the Montreal Convention, Global Crossing is liable to the Plaintiff for all personal injury damages exceeding 128,821 Special Drawing Rights (SDR), unless the carrier proves: (a) the injuries were not due to the negligence or other wrongful act or omission of the carrier or its servants or agents; or (b) the injuries were solely due to the negligence or other wrongful actions or omission of a third party.

34. The Plaintiff's damages exceed 128,821 Special Drawing Rights (SDR).

35. At all times material, Global Crossing was under a duty to use reasonable care and exercise the highest degree of care in the safety of its passengers during their disembarkation at Frank Pais International Airport, Holguin, Cuba.

36. Global Crossing breached its duty to use reasonable care and exercise the highest degree of care by, among other things:

    a. not properly connecting the airstairs to the aircraft for safe passenger disembarkation;

Podhurst Orseck, P.A.
2525 Ponce de Leon, Suite 500, Coral Gables, FL 33134  Coral Gables 305.358.2800  Fax  305.358.2382 • Ft. Lauderdale 954.463.4346    www.podhurst.com

    b.    failing to exercise reasonable care in the safety of its passengers, specifically the Plaintiff, during disembarkation;

    c.    placing the Plaintiff—while in its control, direction, and instruction—in a position of immediate peril and risk of injuries;

    d.    failing to follow applicable regulations and protocol, including its own, regarding airstairs;

    e.    failing to ensure that the operators and flight crew of the subject aircraft used standard, reasonably prudent, and acceptable techniques and skills in the disembarkation of the subject flight;

    f.    failing to properly train, supervise, and monitor flight crews;

    g.    failing to warn passengers on the subject flight of the danger due to Global Crossing's failure to provide a flight crew capable, trained, and able to properly and safely direct passengers during disembarkation; or

    h.    otherwise being negligent and legally liable under applicable law.

37.    As a direct and proximate result of Global Crossing's actions and omissions, the Plaintiff sustained permanent injury including, but not limited to:

    a.    bodily injury, scarring, resulting pain, suffering, disability, and disfigurement;

    b.    mental anguish;

    c.    loss of capacity for the enjoyment of life;

    d.    loss of earning and loss of ability to earn money; and

    e.    expensive hospitalization, medical treatment, and care which losses are either permanent or will continue in the future.

Podhurst Orseck, P.A.

2525 Ponce de Leon, Suite 500, Coral Gables, FL 33134  Coral Gables 305.358.2800  Fax  305.358.2382 • Ft. Lauderdale 954.463.4346    www.podhurst.com

WHEREFORE, the Plaintiff demands judgment in excess of the jurisdictional limits of this Court against Global Crossing for compensatory damages and costs, together with interest and such other relief as this Court deems appropriate.

## COUNT II
## CLAIM FOR NEGLIGENCE

38. The Plaintiff incorporates by reference the allegations in paragraphs 1-25 as if fully set forth herein.

39. At all times material, Global Crossing, as a common carrier, was under the highest duty to ensure its passengers a safe voyage, and to exercise the highest degree of care to prevent injury of any kind during disembarkation.

40. Global Crossing breached its duty to use reasonable care and exercise the highest degree of care by, among other things:

   a. not properly connecting the airstairs to the aircraft for safe passenger disembarkation;

   b. failing to exercise reasonable care in the safety of its passengers, during disembarkation;

   c. placing the Plaintiff in a position of immediate peril and risk of injuries;

   d. failing to follow applicable regulations and protocol, including its own, regarding airstairs;

   e. failing to ensure that the operators and flight crew of the subject aircraft used standard, reasonably prudent, and acceptable techniques and skills in the disembarkation of the subject flight;

   f. failing to properly train, supervise, and monitor flight crews;

   g. failing to warn passengers on the subject flight of the danger due to Global Crossing's failure to provide a flight crew capable, trained and able to properly and safely direct passengers during disembarkation; or

8

Podhurst Orseck, P.A.

2525 Ponce de Leon, Suite 500, Coral Gables, FL 33134  Coral Gables 305.358.2800  Fax  305.358.2382  •  Ft. Lauderdale 954.463.4346            www.podhurst.com

    h.    otherwise being negligent and legally liable under applicable law.

59.    As a direct and proximate result of Global Crossing's actions and omissions, the Plaintiff sustained permanent injury including, but not limited to:

    a.    bodily injury, scarring, resulting pain, suffering, disability, and disfigurement;

    b.    mental anguish;

    c.    loss of capacity for the enjoyment of life;

    d.    loss of earning and loss of ability to earn money; and

    e.    expensive hospitalization, medical treatment and care which losses are either permanent or will continue in the future.

WHEREFORE, the Plaintiff demand judgment in excess of the jurisdictional limits of this Court against Global Crossing for compensatory damages and costs, together with interest and such other relief as this Court deems appropriate.

## DEMAND FOR JURY TRIAL

The Plaintiff demands a trial by jury of all issues triable as of right by a jury.

Dated: May 8, 2025                Respectfully Submitted,

                                            PODHURST, ORSECK, P.A.
                                            2525 Ponce de Leon, Suite 500
                                            Coral Gables, Florida 33143
                                            (305) 358-2800 / Fax (305) 358-2382

                                            /s/ Steven C. Marks
                                            Steven C. Marks, Esq.
                                            Fla. Bar No. 516414
                                            smarks@podhurst.com
                                            Pablo Rojas, Esq.
                                            Fla. Bar No. 1022427
                                            projas@podhurst.com
                                            asanjenis@podhurst.com
                                            laja@podhurst.com

Podhurst Orseck, P.A.

2525 Ponce de Leon, Suite 500, Coral Gables, FL 33134  Coral Gables 305.358.2800  Fax  305.358.2382 • Ft. Lauderdale 954.463.4346        www.podhurst.com